ORDER
 

 GERSHON, District Judge.
 

 Pro se
 
 plaintiff Algia Dockery commenced this action against defendants to “dismiss” a state court action in which a judgment of foreclosure and sale has been rendered and for punitive damages in the amount of $250,000 for fraud and mental distress. Defendants Greenpoint Savings Bank (“Greenpoint”), its attorneys Cullen and Dykman, Citibank N.A. (“Citibank”), and O.C.I. Mortgage Corporation (“O.C.I.”) have now moved for dismissal on a variety of grounds.
 

 Procedural Background
 

 Plaintiffs complaint makes reference to two separate foreclosure actions commenced by defendant Greenpoint, through its attorneys, defendant Cullen
 
 &
 
 Dykman, in Supreme Court, Kings County. Green-point commenced, by Summons and Complaint dated November 25, 1991 (Supreme Court Index No. 45171/91), a foreclosure action on 237 Lexington Avenue, Brooklyn, N.Y. The action was based upon a default with respect to a mortgage extended by Greenpoint in the amount of $60,000. Greenpoint had previously commenced a foreclosure action on 215A Lexington by Summons and Complaint, dated May 8, 1991, (Supreme Court Index No. 14073/91) based upon a default with respect to a mortgage extended by Greenpoint in the amount of $47,500.
 

 On November 14, 1994, Justice Gloria Cohen Aronin of New York State Supreme Court, Kings County, signed a judgment of foreclosure and sale regarding 237 Lexington Avenue. On December 2, 1994, the United States Bankruptcy Court for the Eastern District of New York dismissed with prejudice a bankruptcy proceeding filed by plaintiff Algia Dockery.
 
 In re Algia Dockery.
 
 Case No. 194-18338-353. Greenpoint then moved in the Supreme
 
 *235
 
 Court, Kings County, for an order vacating the prior judgment of foreclosure and sale dated November 14, 1994, on the ground that Greenpoint had inadvertently failed to inform the Court that defendant Algia Dockery had obtained a stay of the proceeding from the Hon. Jerome Feller of the Bankruptcy Court. Greenpoint also requested that the Court sign a new judgment of foreclosure and sale based on the December 2, 1994 vacatur of the bankruptcy stay. On December 1, 1995, Justice Aronin issued an order vacating the prior judgment of foreclosure and sale because the bankruptcy stay had been in effect at that time. The Court held the remaining branch of plaintiffs motion, for entry of a new judgment of foreclosure and sale, in abeyance pending a traverse hearing.
 

 In Supreme Court, Kings County, Dock-ery continued to resist foreclosure by filing a motion to dismiss. In Dockery’s affidavit dated March 18, 1996, Dockery made arguments based upon lack of due process, improper service, non-joinder of necessary parties and willful violation of the bankruptcy stay. By order dated October 31, 1996, the Supreme Court, Kings County, denied Dockery’s motion to dismiss the complaint and the judgment of foreclosure. The Court also barred Dockery from seeking the same relief again because it had been denied on previous occasions. The Court held that violation of this order by Dockery would result in contempt of court and sanctions.
 

 On May 19, 1998, the Supreme Court, Kings County, entered a final judgment of foreclosure and sale regarding 237 Lexington Avenue.
 

 The Complaint
 

 Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331. The complaint alleges that Greenpoint and Cullen
 
 &
 
 Dykman, and also defendant OCI, willfully violated plaintiff’s bankruptcy stay on November 14, 1994, in order to accomplish a fraudulent scheme concerning the premises at 237 Lexington Avenue. The complaint further asserts that the judgment of foreclosure against 237 Lexington Avenue was obtained improperly, in violation of New York C.P.L.R. 201; non-join-der of an indispensable party; improper delivery and service of the initial Summons and Complaint; abuse of discretion and process; failure to file timely proof of service; “denial of the signing and entering of a second judgment on the merits, after violation of a court order”; improper vacating of a final judgment; and fraud.
 

 The plaintiff demands relief dismissing the Supreme Court Action Index No. 45171/91 (the foreclosure action on 237 Lexington Avenue with prejudice and punitive damages of $250,000 for aggravated fraud and mental distress).
 

 Subject Matter Jurisdiction
 

 In addressing the motions to dismiss, the Court is mindful that the plaintiff is proceeding
 
 pro se,
 
 and that her submissions should be held to “less stringent standards than formal pleadings drafted by lawyers.”
 
 Haines v. Kerner,
 
 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). “However inartfully pleaded,” a
 
 pro se
 
 complaint can only be dismissed for failure to state a claim if it appears “ ‘beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ”
 
 Id.
 
 at 520-21, 92 S.Ct. 594 (quoting
 
 Conley v. Gibson,
 
 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). When considering a motion to dismiss, the court “must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff’s favor.”
 
 Gant v. Wallingford Bd. Education,
 
 69 F.3d 669, 673 (2d Cir.995) (quoting
 
 Hernandez v. Coughlin,
 
 18 F.3d 133, 136 (2d Cir.1994)).
 

 Based upon a liberal reading of the complaint, it is clear that this court cannot proceed because it lacks subject matter jurisdiction. Under the
 
 Rooker-Feldman
 
 doctrine, this court lacks subject matter jurisdiction over an action if the exercise of jurisdiction would result in the reversal or modification of a state court judgment.
 
 *236
 

 Rooker v. Fidelity Trust Co.,
 
 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (only the Supreme Court can entertain a direct appeal from a state court judgment);
 
 District of Columbia Court of Appeals v. Feld-man,
 
 460 U.S. 462, 483, n. 3, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (federal courts do not have jurisdiction over claims which are “inextricably intertwined” with prior state court determinations); 18 Moore’s Federal Practice § 133.30[3] (3d ed.1999); see
 
 Hachamovitch v. DeBuono,
 
 159 F.3d 687, 693-94 (2d Cir.1998).
 

 Under the
 
 Rooker-Feldman
 
 doctrine, a plaintiff may not initiate a federal court action that: (1) directly challenges a state court holding or decision; or (2) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court’s action was unconstitutional.
 
 Feldman,
 
 460 U.S. at 486, 103 S.Ct. 1303; see
 
 Moccio v. New York State Office of Court Admin.,
 
 95 F.3d 195, 198-200 (2d Cir.1996);
 
 Smith v. Wayne Weinberger P.C.,
 
 994 F.Supp. 418, 423 (E.D.N.Y.1998). Thus, plaintiff cannot avoid dismissal of the complaint by suggesting civil rights violations. Plaintiff claims that the action of the state judge constitutes the state action that allows the bringing of this federal action, presumably pursuant to 42 U.S.C. § 1983, but this is incorrect. See
 
 Drew v. Chase Manhattan Bank, N.A.,
 
 1998 WL 430549, at *7 (S.D.N.Y. July 30, 1998);
 
 Goldberg v. Merrill Lynch, Pierce, Fenner & Smith,
 
 1998 WL 321446, at *6 (S.D.N.Y.1998). In any event, plaintiff cannot avoid the
 
 Rooker-Feldman
 
 doctrine so easily; if it were otherwise, every disgruntled state court litigant could avoid the
 
 Rooker-Feldman
 
 doctrine in this way.
 

 The issues raised in a plaintiffs complaint are inextricably intertwined with a state court judgment if the federal claim would succeed only if the state court wrongly decided the issue.
 
 Rene v. Citibank, N.A.,
 
 32 F.Supp.2d 539, 543 (E.D.N.Y.1999). “[Ejven if the state court judgment was wrongly procured, it is effective and conclusive until it is modified or reversed in the appropriate State appellate or collateral proceeding.”
 
 Simpson v. Putnam County Nat’l Bank,
 
 20 F.Supp.2d. 630, 633 (S.D.N.Y.1998) (citation omitted). “The fact that the plaintiff alleges that the State Court judgment was procured by fraud does not remove his claims from the ambit of Rooker-Feldman.”
 
 Smith,
 
 994 F.Supp. at 424. In
 
 Smith,
 
 the plaintiff alleged that a state court default judgment in a foreclosure proceeding was procured by fraud.
 
 Id.
 
 The court dismissed the plaintiffs action as “in contravention of Rooker-Feldman” since the conversion claims were “merely a thinly-veiled effort to invalidate the State Court’s foreclosure judgment.”
 
 Id.
 

 Here, plaintiffs claims with regard to 237 Lexington Avenue implicitly and explicitly seek to have this court review a final decision of the state court. Specifically, plaintiff asks this court to dismiss the state court’s judgment of foreclosure and sale on 237 Lexington Avenue. Plaintiff raised the same arguments regarding 237 Lexington Avenue in the state court motion to dismiss the foreclosure action. Plaintiff even raised the identical claim of a willful violation of the bankruptcy stay in the state court proceeding which is raised here. See March 18, 1996 Afft. of Algia Dockery in that action. Even if plaintiff had not raised the same claims in the state court, plaintiff would be foreclosed under the
 
 Rooker-Feldman
 
 doctrine from seeking to overturn the state court judgment in this court. See
 
 Moccio,
 
 95 F.3d at 198-200.
 

 Finally, I note that there are other defendants named in the caption, most of whom are not even mentioned in the body of the complaint. It is unclear from the docket sheet whether these additional defendants have ever been served. In any event, since the complaint in its entirety is an effort to relitigate the state court ac
 
 *237
 
 tion, and since the
 
 Rooker-Feldman
 
 doctrine is a doctrine of subject matter jurisdiction, which the court may raise sua sponte,
 
 Moccio,
 
 95 F.3d at 198, the complaint as to the non-moving defendants is dismissed as well. The Clerk of Court is directed to dismiss the complaint and close the case.
 

 SO ORDERED.